JOSEPH L. GARDNER v. CALEB CHACE.

Where a bill of lading stated an agreement to carry certain lumber from Providence to California at the rate of $48 per thousand for clapboards and $70 per thousand feet for joist, parol evidence was held to be inadmissible to prove that these rates were to be demanded if the proceeds of the sale of the lumber should amount to so much, but, if not, that the charge for freight should not exceed the sum realized by the sale.

Action for freight upon lumber transported for the defendant in the plaintiff's ship, the Virginia, from Providence to San Francisco, as by the following bill of lading :

·'Shipped in good order and well conditioned, by Caleb Chace, in and upon the brig called the Virginia, whereof is master, Bennet, now in the harbor of Providence and bound for San Francisco, U. C., to say five thousand clapboards and two thousand feet of joist, these goods to be received from the vessel within the reach of her tackles, and to be called for and taken away within twelve days after the day of the brig's arrival at the port of San Francisco, U. C., being marked and numbered as in margin, and are to be delivered in the like good order and well conditioned, at the aforesaid port of San Francisco, (danger of the seas only excepted) unto his order or his assigns, he or they paying freight for said goods, viz : forty-eight dollars for clapboards per thousand, and joist seventy dollars per thousand feet, with five per cent primage and average ; in witness whereof, the master of brig hath affirmed to four bills of lading of this tenor and

date, one of which being accomplished, the others to stand void.

(Signed)          CALEB CHACE.

Dated at Providence, March, 1850.

|  |  | Freight. |  |
|---|---|---|---|
| Five thousand plained clapboards. | } | 5000 clapboards | $240 |
| Two thousand feet joist. | } | 2000 joist | 140 |
|  |  | primage | 19 |
|  |  |  | $399 |

The lumber was carried to San Francisco, and the consignee, not appearing, was called upon by advertisement to come and take the lumber, paying freight thereon, or it *would be sold* to pay the freight. After a reasonable time, the consignee not appearing, a sale was advertised and the lumber sold for $119. This action was brought for balance due for freight and expenses.

The defendant offered to prove that the shipment was made under an agreement with Uriah Baker, the plaintiff's agent, that the freight should be $48 per thousand for clapboards and $70 per thousand feet for joist, if the proceeds of the sale should amount to that sum, and, if not, the charge for freight should not exceed the sum realised by the sale of the lumber.

*Potter* for the plaintiff objected to the evidence on the ground that it was inadmissible under the rule excluding parol testimony to contradict or vary a written contract and cited 2 Sumner 367, Angell on Common Carriers 231, 1 Greenleaf §305.

*Cozzens and Blake* for the defendant contended that the evidence did not contradict the bill of lading, but only showed the manner in which it was to be performed and that where, as in this case, only a part of a verbal contract was reduced to writing, parol testimony might be introduced to show the entire contract and that the

authorities showed that in many respects a bill of lading might be contradicted. 1 Greenleaf §284, a. ibid §304, and 1 Peter's Dig. sect. 8. p. 365, 2 Starkie 186.

*By the Court.* We do not think this testimony is competent. The paper, which is produced, is an agreement between the parties to carry certain lumber from Providence to California, at the rate of $48 per thousand, for clapboards and $70 per thousand feet for joist. This is the written contract. The evidence proposes to set up a verbal contract, according to which the plaintiff was to have these rates of freight if the proceeds of the sale should amount to so much, but if not, the amount produced by the sale. The bill of lading is absolute in its terms, the verbal contract is conditional. Undoubtedly a bill of lading may be contradicted in certain particulars. It is a contract of a complex character. It is partly a receipt acknowledging the shipment of the articles, and as such, open to the rule of law applicable to receipts. It is partly a contract specifying the terms upon which the articles are to be carried, and as such cannot be contradicted by parol evidence. There is, also, a large class of cases, in which it has been held that where there is a written contract to do a certain thing, parol evidence may be admitted to show that a different time or place of performance was agreed upon. But here it is not proposed to change the time or place, but to change the obligation itself, making a contract, which is absolute in its terms, conditional, and if the evidence does not contradict the contract, it at least varies it, which is equally fatal.